Before we hear our day calendar, we have a number of motions calendared for today, but only one of which is scheduled for argument. Scotts Miracle-Gro versus Arcuri, if we could hear from counsel on that matter. Thank you, Judge Raji. May it please the Court, Sean Regan on behalf of the Scotts Company's defendants, Movens. I understand the Court has given each side five minutes for argument. With the Court's permission, I'd like to request one minute for rebuttal, if I may. We usually don't have rebuttal on motions, but we'll allow you to take the one minute. Thank you, Judge. Your Honors, the Court should grant interlocutory review here because the issue presented is important to numerous cases. It satisfies the elements of 1292B, and it's very likely to continue to evade traditional post-judgment review. The District Court held below that statutory damages are an available remedy in a federal court class action brought under Sections 349 and 350 of the GBL. However, the Court erred in three important ways. The Court erred in phrasing the threshold question as whether those statutes on their face prohibit recovery of statutory damages in a class action. The Court erred in finding that it was constrained by Shady Grove to conclude that such damages are available in federal court. And the Court erred in applying the second step of the eerie Shady Grove analysis insofar as it found damages available because the state legislature had, as the Court said, relied on CPLR 901B to make them unavailable. The District Court properly found this issue satisfies the elements of 1292B. The Court should take this appeal now for several reasons. It presents the Court with a fully ripened pure question of law. As the District Court found with respect to this particular case, resolution will substantially affect the methods of proof and the amount of damages. But beyond this case, this issue has significant precedential value. It's an issue that is recurring not just with respect to 349 and 350, but with respect to generally the application of Shady Grove. Yet it continues to evade review. The reason for that is the hydraulic pressures that are implicated by the availability of statutory damages in a class action. There's no benefit to waiting for a more traditional post judgment review, and there is considerable downside. Parties will continue to deal with those kind of pressures, and the result, as this Court has recognized, has been to lead to parties entering into settlements that are unmoored to potential actual liability and risk. Courts within this circuit lack clarity and have struggled, candidly, with the scope and application of Shady Grove. I think that's manifested. Have courts in this district, in this circuit, split on the issue? This particular issue, the narrow issue that we have raised, hasn't been litigated in large part because most of the time these cases have settled prior to or as part of a class certification or right after class certification. It's become, as we've said, there are . . . and as not just we have said, but other data and research have shown, the federal courts have become a magnet for these kind of cases. This issue hasn't had a chance to rise up. In that sense, this is . . . That's no reason to take it. The fact that the issue is generally resolved by other means in the district court doesn't mean that we should be looking for a reason to take it. What's your other argument for why we should view this as a matter that needs to be addressed interlocutorily? Well, the issues . . . generally, the circuit has not, as a number of other courts have observed, Judge Garofis most recently in the Delgado case, the case that just came out about sixty days, less than sixty days ago, fewer than sixty days ago, had not had an opportunity to opine on the proper application of Shady Grove. And Shady Grove really has been dramatically misconstrued. Shady Grove . . . But that is not enough of a reason. I mean, there are a whole host of legal issues we've never had an opportunity to address. We don't go looking for it. What is it about your case that warrants us hearing this now? I think it is. As the court has taken other cases, Hevesi is another example. These kind of hydraulic pressures related to settlement, the importance of the issue, the pervasiveness of the issue, and the fact that those circumstances have led, demonstrably, to parties entering into settlements that are completely unmoored to any reasonable risk or any actual properly founded risk assessment. That's . . . it's in the interest of the court to  Would you reserve a minute? I would, please. Thank you. Your adversary. Good morning, Your Honors. May it please the Court? I'm Scott Bursar for the Respondent, Michael Arcuri. I'd like to begin by answering Judge Livingston's question, is there a split in the district courts on this question? The answer, of course, is there is not. We cited in our opposition five cases, five district court cases from the Southern District of New York and other district courts within the Second Circuit, and all five have answered this exact question in exactly the same way, which is all five have found that post Shady Grove statutory damages are an available remedy in class actions under New York's GBL 349 and 350. And the reason, of course, is because, as the Supreme Court explained, in Federal Rule of Civil Procedure 23 preempts Section 901 of the CPLR, which would otherwise restrict the availability of that remedy. The other reason, I think, which was clear even before Shady Grove, is that under Rule 23, class certification can neither enlarge nor abridge the and so if a remedy is available to an individual litigant in an individual lawsuit, that same remedy under Rule 23 and under the Rules Rules Enabling Act must be available in a class action. That is why the district courts have not struggled with this question. The district courts have uniformly answered this question correctly and the same way. And I'll point out that that this point that the realities of this kind of litigation mean that our court would never have an opportunity to review that decision. I disagree with that, and I think that this court has has looked at the issue twice, uh, post Shady Grove, uh, in in Sykes v. Mel S. Harris in 2015 and in Gold v. New York Life in 2013, and we cite both of those cases in our papers. Now, to be fair, this court wasn't squarely presented with the, you know, uh, the issue, the way that the Scotts Company is trying to tee it up on this appeal. But in both of those cases, this court and the litigants acknowledged what is the GBL, which is that the GBL provides for a statutory remedy and post Shady Grove. Uh, that remedy is available in a class action. So I do not think that it is an issue that has evaded appellate review, and I also don't think it's an issue likely to evade appellate review. I think the reality is that very few class actions are litigated to judgment, period, whether they involve statutory damages or not. And so there are very few post. There are very few class action judgments that come up to this court or to any court of appeal. Pressure works in virtually every case. Well, I don't think that's true, Your Honor, because, uh, in many of the cases, class certification is denied, and that's why your honors never see it. Or in many of the cases, the plaintiffs lose. Uh, so hydraulic pressure or not, uh, I think these cases just ordinarily don't get litigated to judgment because they're so they are so difficult. You're saying that Golden Sykes, we more or less have dealt with this issue as a general matter, maybe not the specific issue, but as a general matter, the overall Golden Sykes. I think between gold Sykes and have crystal clear guidance on what the rule is here, and that's why every district court to address the issue has gone the same way. And so when you look at that under under the factors of 12 92, one thing that the court would have to find to take this interlocutory appeal is that there is a substantial ground for a difference of opinion on on how the issue should be resolved. And that finding cannot be made here. When five times out of five, the district this court has has acknowledged and ruled that that those rulings are correct. One other element under 12 92 that's missing here is that the issue is not a controlling one in this case because it will not resolve the case. It will not narrow the case. It will not materially advance, uh, the ability to resolve the case on a shorter time frame. This case was was set for a of 2017, and this interlocutory appeal, this petition for interlocutory appeal is causing only delay, uh, to a five year old case. And no matter how this court rules, if it were to take the interlocutory appeal, no matter what ruling this court made, the case would still have to proceed to trial in the same evidence. So there's it's it's not a controlling question. It will not materially advance the case, and there is no substantial ground for difference of opinion. And for all those reasons, there is no, no, no grounds for this court to, uh, take the extraordinary step of of not following the final judgment rule and hearing an interlocutory appeal in this matter. Thank you, Your Honor. Thank you very much. Regan, you have a minute. Thank you, Judge. If I may very briefly, um, on the issue of exceptional circumstances, the interim effect as the district court found the interim effect of combining statutory damages with a class action means it will continue to escape and evade review. Um, Sykes, as the district court found Sykes and Gold did not address this issue. This circuit has not had an opportunity to grapple with this issue with this issue of the application of Shady Grove with respect to statutory damages. This isn't just a very isolated issue. We're talking about the general business law of New York, a statute that has become very attractive and has led to a has become a statute that plaintiff's firms are continuing to invest and sue under candidly. Um, in this court, plaintiffs themselves have brought 14 cases that we've cited to, um, with respect to this issue, every judge who's dealt with it, Judge Weinstein, Judge Presetti knows it's wrong. They're vexed by this issue. They know it's the wrong result. The reasons for that are set forth in this petition, and this is an opportunity to address this issue for continues to go on and on continues to evade review. We'd ask the court take the exceptional step, the extraordinary step, unusual step of granting interlocutory review of this issue. Thank you. We're going to take the matter under advisement and deal with it and all the other motions on our calendar as quickly as we can.